**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CINDY LUTTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:21-cv-960-SEP |
| | ) | |
| DN SOLUTIONS AMERICA CORPORATION et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Settlement Approval. Doc. [241]. For the reasons set forth below, the motion is granted.

## I. Background

This case arises out of the death of Plaintiff Cindy Luttrell's husband, Michel Luttrell, who was killed while operating a Doosan PUMA V400 Vertical Turning Center, Serial Number PV400551. Decedent was struck in the chest by a 40+ pound aluminum disk that was ejected from the Machine at an extreme rate of speed causing him serious and substantial internal injuries that resulted in his death.[1] At the time of Mr. Luttrell's death, Plaintiff was his legal spouse, his parents were deceased, and he had no children, living or deceased.

On August 2, 2021, Plaintiff filed this lawsuit against Defendants, alleging negligent products liability, negligence, wrongful death, and loss of consortium. Doc. [1]. After a successful mediation, Plaintiff filed a joint motion for leave to file under seal, Doc. [239], and a joint motion and application for approval of wrongful death settlement, Doc. [241]. On November 18, 2026, the Court held a hearing on Plaintiff's motions, at which the Court reviewed the parties' settlement agreement and heard testimony from Plaintiff. Doc. [243]. At that hearing, the Court granted Plaintiff's motion for leave to file under seal, Doc. [239].

## II. Petition for Approval of Wrongful Death Settlement

Under Missouri law, the Court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. Section 537.095 provides, in

[1] This brief factual summary is drawn from the allegations in Plaintiff's Complaint. Doc. [1]. The Court provides it solely as context and treats none of Plaintiff's allegations as proven.

relevant part, that if multiple parties have standing to sue under the wrongful death statute, "any one or more of them may compromise or settle the claim for damages with approval of any circuit court, . . . provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under Section 537.080." Mo. Rev. Stat. § 537.095.1. In addition, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages . . . ." *Id.* § 537.095.3. After entering judgment, the Court is required to order the claimant to do the following:

> (1) To collect and receipt for the payment of the judgment;
>
> (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted . . . ;
>
> (3) To acknowledge satisfaction in whole or in part for the judgment and costs;
>
> (4) To distribute the net proceeds as ordered by the court; and
>
> (5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution.

*Id.* § 537.095.4.

The Court first considers whether Plaintiff diligently attempted to notify all parties having a cause of action under § 537.080. Under § 537.080, the persons with a cause of action for wrongful death are "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or . . . the father or mother of the deceased, natural or adoptive." Mo. Rev. Stat. § 537.080.1(1). The Court held a hearing on November 18, 2026, at which Plaintiff and counsel for both parties were present. Plaintiff's attorney and Plaintiff both attested that Plaintiff is the only Class 1 Beneficiary under Mo. Rev. Stat. § 537.080 who has standing to pursue and settle this claim, and there are no other parties who should have received notice of the same. Accordingly, the Court concludes that all individuals who may have a cause of action under § 537.080 received adequate notice.

The Court next considers whether to approve the settlement amount. Although section 537.095 requires court approval of a settlement, it "does not identify a standard for 'approval' of the amount of a settlement." *Johnson v. City of Hazelwood*, 2017 WL 492822, at *2 (E.D. Mo. Feb. 7, 2017). Other courts have taken guidance from § 537.090, which directs the trier of fact to award "such damages as the trier of the facts may deem fair and just for the death and loss

thus occasioned" and which lists several factors for the trier of fact to consider.[2] *See Johnson*, 2017 WL 492822, at *2; *Long v. Gyrus ACMI, Inc.*, 2021 WL 1985054, at *2 & n.2 (E.D. Mo. May 18, 2021). The Court's assessment of what is fair and just in the settlement context should be "informed not only by the actual damages allowable under § 537.090, but also by the likelihood of success if the case were to be tried, both on questions of liability and allowable damages." *Johnson*, 2017 WL 492822, at *2.

Plaintiff, who was represented by counsel, negotiated a settlement with Defendants covering all of her claims for a confidential amount. *See* Doc. [240-1] at 23 *SEALED*. Defendants DN Solutions Co., TechMachinery, LLC, and Bob Brown Machines, Inc., will all contribute to the settlement in shares that the Court has also allowed to remain confidential. *See id.* Plaintiff testified at the hearing that she believed that the terms of the settlement are fair and reasonable and in her best interest as beneficiary. She also testified that, considering the expense, delay, and uncertainties of litigation, she believes it is in her best interest to waive a trial and settle the claims against Defendants. In response to questions from the Court, Plaintiff acknowledged that she was present at the mediation, that the settlement was negotiated at arm's length, and that she believed her counsel zealously represented her interests. Based on the above, the Court finds that the settlement is fair and just. *See Long*, 2021 WL 1985054, at *3 (citing *Johnson,* 2017 WL 492822, at *4).

The Court also considers the question of attorneys' fees and expenses. Generally, the Court is to order payment of attorneys' fees "as contracted" out of the parties' respective settlement proceeds. Mo. Rev. Stat. § 537.095.4(2). *See also, e.g.*, *Bishop v. Nico Terrace Apartments, LLC*, 2010 WL 2556846, at *4 (E.D. Mo. June 23, 2010). Here, Plaintiff agreed to pay her attorneys a contingent fee of 33% of the recovery after costs and expenses are deducted, and the proposed distribution of the settlement proceeds is consistent with that agreement. Additionally, there were litigation expenses of $250,021.00, which Plaintiff has agreed are fair and reasonable. At the hearing, Plaintiff testified to the scope of counsel's representation and, in response to questions from the Court, acknowledged that the anticipated fee is what she expected; that her counsel had worked hard to represent her over a several-year litigation

---

[2] Mo. Rev. Stat. § 537.090 provides for damages that are "fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of" the class of plaintiffs.

including extensive discovery and negotiations with Defendants; and that she thought the amount they would receive as a result of the settlement was justified. The Court therefore finds the agreed-upon distribution of fees and expenses to be reasonable and sees no basis for departing from the parties' fee contract.

Finally, the Court notes that there is a worker's compensation subrogation lien against the settlement proceeds. Travelers Insurance has agreed to accept $82,194.83 in full and final settlement of any rights of subrogation or reimbursement, claim, lien or other interest of Travelers relating to benefits paid (or to be paid) through November 2, 2026. *See* Doc. [241-5] at 2. Plaintiff has agreed to pay that amount out of balance of the settlement proceeds after payment of litigation expenses and attorneys' fees.

For the reasons set forth above, the Court grants Plaintiff's Motion for Approval of Wrongful Death Settlement and orders distribution of the settlement proceeds as set forth below.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Joint Motion and Application for Approval of Wrongful Death Settlement, Doc. [241], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's causes of action and all claims for injuries, damages, and losses against Defendants shall be settled for a confidential amount, inclusive of attorneys' fees and costs and the workers' compensation subrogation lien.

**IT IS FURTHER ORDERED** that attorneys' fees and expenses shall be distributed as provided for in the parties' agreement regarding the same.

**IT IS FURTHER ORDERED** that after the amounts set forth in the parties' filings have been distributed, Plaintiff shall file a Satisfaction of Judgment with the Court advising that all proceeds have been distributed as ordered.

**IT IS FINALLY ORDERED** that no later than **10 days** after Plaintiff files a notice with the Court advising that all settlement proceeds have been properly distributed as provided herein, the parties shall file a stipulation of dismissal. The Court will thereupon issue a separate order of dismissal.

Dated this 23rd day of November, 2026.

Sarah E. Pitlyk

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE